UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| GRANGE MUTUAL CASUALTY CO., GRANGE INDEMNITY INSURANCE CO. and TRUSTGUARD INSURANCE CO., <br><br> Plaintiffs, <br><br> V. <br><br> JONI L. MACK, <br><br> Defendant. | Civil Action No. 6: 06-555-DCR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is pending for consideration of Defendant Joni Mack's Motion to Dismiss. [Record No. 7] The Defendant argues that the Complaint should be dismissed pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiffs have failed to: (1) plead detrimental reliance and therefore lack standing to pursue RICO claims; (2) plead the alleged fraud with particularity; and (3) state a claim based on alleged spoliation of evidence. For the reasons discussed herein, the Court will grant the Defendant's motion to dismiss.

**I.    BACKGROUND**

Plaintiffs Grange Mutual Casualty Co., Grange Indemnity Insurance Co. and Trustguard Insurance Co. ("the Plaintiffs") allege that Defendant Joni Mack and other individuals were engaged in an alleged RICO conspiracy to defraud these companies of personal injury protection

benefits payable on behalf of persons injured in automobile accidents. According to the Plaintiffs, non-party Greg Mack and other conspirators,

> creat[ed] and implement[ed] [] multiple fraudulent schemes to bill Plaintiffs for medical treatments or supplies that were never rendered or suppled, were medically unnecessary or were billed unlawfully. [In addition, these individuals] caused these fraudulent bills to be submitted to Plaintiffs via the United States mail or interstate wire communications.

[Record No. 1, Complaint, ¶ 9] The Plaintiffs contend that the scheme began in 1998. However, they assert that Joni Mack – the only named Defendant in this action – did not join the conspiracy until 2003. With respect to Joni Mack, the Plaintiffs allege that she

> joined the RICO conspiracy at least by January 2003, and thereafter committed or agreed for others to commit acts in furtherance of the conspiracy as described at least in paragraphs 46-48, *supra*. In particular, the Defendant Joni Mack personally instructed clinic employees to add physical therapy billings for patients regardless of whether the treatment had been prescribed, performed or supervised by a licensed practitioner, in furtherance of the RICO Conspirators' schemes to defraud Plaintiffs in violation of 18 U.S.C. §§ 1341 or 1343.
>
> Defendant Joni Mack also caused computers to be removed from IRC clinics, and replaced with machines that did not retain all of the data relating to operation of the clinics before the filing of Grange v. Mack. Defendant Joni Mack personally removed, or directed or caused others to remove, computers from clinics and withheld the computers, or directed or caused others to withhold them, from production during discovery in Grange v. Mack. Finally, Defendant Joni Mack also instructed clinic employees to destroy paper documents relating to the treatment of patients in the clinics. Each of these acts constitutes corruptly altering, destroying, mutilating, or concealing an object with intent to impair the objects' integrity or availability for use in an official proceeding, in violation of 18 U.S.C. § 1512(b) or (c).

[*See* Record No. 1; Complaint, ¶¶ 56-57.]

In December 2002, the Plaintiffs filed a similar action against Greg Mack and other alleged RICO conspirators asserting claims nearly identical to those alleged here. Joni Mack

was not a named defendant in that action. The Plaintiffs acknowledge that Joni Mack did not join the alleged RICO conspiracy until January 2003, after the initial lawsuit was filed. However, they have filed this action against Joni Mack, claiming that she is jointly and severally liable for her co-conspirators actions prior to her joinder in the conspiracy. In particular, the Plaintiffs assert claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, common law fraud and conspiracy, theft by deception and fraudulent inducement.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, courts are required to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A claimant is not required to set out in detail the facts upon which he bases his claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Fed.R.Civ.P. 9(b). The Rule serves to put defendants on notice of the conduct complained of

by the plaintiff to ensure that they are provided sufficient information to formulate a defense. *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir. 1988). The Sixth Circuit interprets the particularity requirement "liberally . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex*, 2 F.3d 157, 162 (6th Cir. 1993) (internal quotations and citations omitted); *Blount Fin. Servs., Inc. v. Walter E. Heller and Co.*, 819 F.2d 151, 152 (6th Cir. 1987) (fraud alleged in a RICO civil complaint for mail fraud must state with particularity the false statement of fact made by the defendant which the plaintiff relied on and the facts showing the plaintiff's reliance on defendant's false statement of fact); *see also Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 852 -853 (6th Cir. 2006) (affirming dismissal of fraud action where plaintiff failed to plead reliance with particularity as required by Rule 9(b)).

In ruling on a motion filed pursuant to Rule 9(b), a court must read the particularity requirement in harmony with the "policy of simplicity in pleading" advanced by Rule 8, which requires that a complaint provide only a "short and plain statement of the claim." *Michaels Bldg. Co.*, 848 F.2d at 679. Accordingly, courts should not be "too exacting" in determining whether the requirements of Rule 9(b) have been met. *Id*. at 681. Rather, "if the defendant has fair notice of the charges against him, [Rule 9(b)] is satisfied." *Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587, 593-594 (S.D. Ohio 1986); *see also Michaels Bldg. Co.*, 848 F.2d at 680. However, "a district court need not accept claims that consist of no more than mere assertions and unsupported or unsupportable conclusions." *Sanderson v. HCA*, 447 F.3d 873 (6th Cir. 2006).

### III.     ANALYSIS

#### A.     RICO Claims

In Count One of the Complaint, the Plaintiffs allege that Joni Mack and other conspirators violated RICO. Specifically, the Plaintiffs attempt to allege a substantive RICO offense against Joni Mack under 18 U.S.C. § 1962(c) and a RICO conspiracy offense under 18 U.S.C. § 1962(d).

Title 18 of the United States Code, Section § 1962(c) provides that,

> [i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprises' affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). To establish a substantive RICO violation, a plaintiff must allege that the defendant engaged in "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Additionally, a plaintiff must show that he or she has been injured in his/her business or property by the [predicate acts] constituting the violation. *Id.* at 496; *see also* 18 U.S.C. § 1964(c). A "pattern of racketeering activity" is demonstrated by "at least two acts of racketeering activity." 18 U.S.C. § 1962(c), § 1961(5). In addition, proof of a pattern of racketeering activity requires a showing that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J., Inc., v. NW Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

The Plaintiffs also attempt to allege that Joni Mack violated 18 U.S.C. 1962(d), which provides that, "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. 1962(d). Conspiracy to violate the

substantive counts of the RICO statute is a distinct crime which private parties have a right to sue under if they have standing.

Title 18 of the United States Code, Section 1964(c), establishes RICO's statutory standing provision. This section provides a private cause of action under RICO for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). In *Sedima*, the Supreme Court established that, to recover under section 1962(c), the plaintiff's damages must "flow from the commission of the predicate acts." *Sedima*, 473 U.S. at 496. Subsequently, the Supreme Court has stated that, "[a] plaintiff's right to sue under § 1964(c) . . . requires a showing that the defendants' violation was the proximate cause of the plaintiff's injury." *Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 258 (1992) (concerning standing in a RICO action predicated on acts of securities fraud). The Sixth Circuit has interpreted § 1964(c) to require that a civil RICO plaintiff plead reliance to state a civil RICO claim predicated on acts of fraud. *See Brown v. Cassens Transport Co.,* ___ F.3d ___, 2007 WL 1975974, at *4 (6th Cir. 2007); *see also Chaz Constr. v. Codell*, 137 F. App'x 735, 738-39 (6th Cir. 2005); *Cent. Distribs.*, 5 F.3d at 184; *Blount*, 819 F.2d at 152.

Here, the Plaintiffs' RICO claims are premised on predicate acts of mail and wire fraud. When mail and wire fraud are the predicate acts of a RICO claim, a plaintiff "cannot maintain a civil RICO claim . . . absent evidence that the defendants made misrepresentations or omissions of material fact to [the plaintiff] and evidence that [the plaintiff] relied on those misrepresentations or omissions to its detriment." *Cent. Distribs. of Beer, Inc. v. Conn*, 5 F.3d

181, 184 (6th Cir. 1993) (emphasis added) (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).

The Defendant contends that the Plaintiffs have failed to state a claim for a violation of RICO. Specifically, she argues that Plaintiffs do not have standing to assert a RICO claim against her because the Plaintiffs have failed to allege that they detrimentally relied on any action taken by the RICO enterprise after she joined it in 2003. The Plaintiffs have conceded that they did not rely on any misrepresentations made by the enterprise *after* Joni Mack's joinder in January 2003. [Record No. 10, p. 10] However, they argue that they can maintain a RICO claim against her because the Plaintiffs' cause of action is based on RICO conspiratorial liability under 18 U.S.C. § 1962(d), which prohibits conspiracy to violate the sections' other substantive provisions. 18 U.S.C. 1962(d). Notably, the standing requirement of 18 U.S.C. § 1964(c) applies to all claims brought pursuant to RICO, including conspiracy claims under § 1964(d). *Beck v. Prupis*, 529 U.S. 494, 500-01 (2000). Therefore, according to the Defendant, to state a claim for a substantive RICO violation or a claim for civil RICO conspiracy, the Plaintiffs must allege that they suffered injury as a result of their reliance on the fraudulent conduct of Joni Mack.

In the Complaint, the Plaintiffs allege that, after joinder in the conspiracy, Joni Mack agreed to commit, or for others to commit, at least two predicate acts in furtherance of the affairs of the alleged RICO enterprise. Specifically, they allege that Joni Mack agreed to participate in the predicate acts of obstruction of justice in violation of 18 U.S.C. § 1512[1] and to various acts

---

[1] In the motion to dismiss, the Defendant suggests that the Plaintiffs have not adequately alleged a spoliation of evidence claim. However, having reviewed the Complaint, it is apparent that Plaintiffs have not

of mail and/or wire fraud in violation of 18 U.S.C. § 1341 and/or § 1343.[2] For purposes of the present motion, the Court assumes that the Complaint adequately alleges that Joni Mack participated in two predicate acts in furtherance of the conspiracy. However, the primary issue to be decided is whether the Plaintiffs have adequately alleged that their injuries were the proximate result of Joni Mack's actions or the racketeering activities to which she was involved such that the Plaintiffs have standing to pursue a claim under 18 U.S.C. § 1962(c) and/or 18 U.S.C. § 1962(d).

Having reviewed the Complaint, it is apparent that the Plaintiffs have failed to allege that they relied upon any of Joni Mack's fraudulent obstruction of justice acts and/or any of the alleged fraudulent mailings made by her and/or any of the other RICO conspirators after she joined in the RICO conspiracy. In fact, the Plaintiffs have conceded that, after Joni Mack's joinder in the conspiracy, [they] did not rely upon post 2002 fraudulent bills." [Record No. 10, p. 10] Nevertheless, the Plaintiffs argue that their RICO claims should not be dismissed for failure plead reliance because "[t]he issue is whether Defendant Joni Mack joined the conspiracy, so that she has incurred joint and several liability for pre-2003 fraudulent acts upon which Grange *did* rely." (emphasis in original). In other words, the Plaintiffs contend that their RICO claim should not be dismissed because Joni Mack joined the RICO conspiracy in 2003 and, therefore, is liable for the actions of her co-conspirators taken *prior* to her joinder. In support

---

attempted to allege a Kentucky tort claim for spoliation of evidence. Rather, the Plaintiffs have asserted multiple violations of the obstruction of justice statue, which is an "act of racketeering activity" actionable under the RICO statute. See 18 U.S.C. 1961(1)(B) (incorporating § 1512 by reference).

[2] The Plaintiffs have alleged that after Joni Mack's joinder in the conspiracy, the RICO conspirators sent at least five fraudulent bills to the insurance company in violation of 18 U.S.C. 1341 and/or 1343.

of this argument, the Plaintiffs rely primarily on *Salinas v. United States*, 522 U.S. 52 (1997), in which the Supreme Court stated that,

> A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense. The partners in the criminal plan must agree to pursue the same criminal objective and may divide up the work, yet each is responsible for the acts of the other. If conspirators have a plan which calls for some conspirators to perpetuate the crime and others to provide support, the supporters are as guilty as the perpetrators.

*Id.* at 63-64.

The Plaintiffs are correct that under traditional conspiracy principles, co-conspirators are generally liable for the acts of all other conspirators undertaken in furtherance of the conspiracy both prior and subsequent to the co-conspirator's joining the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946); *Aetna Cas. Sur. Co. v. P & B Autobody*, 43 F.3d 1546, 1562 (1st Cir. 1994). Moreover, in *Salinas*, the Supreme Court acknowledged that "[t]he RICO conspiracy provision . . . is even more comprehensive than the general conspiracy offense in [18 U.S.C.] § 371" because "[t]he RICO conspiracy statute, § 1962(d) broadened conspiracy coverage by omitting the requirement of an overt act." *Id.* at 64. The Court further noted that a conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the substantive offense and that conspirators are liable for the acts of their co-conspirators so long as they share a common purpose. However, the Plaintiffs' reliance on the general conspiracy principles of joint and several liability are insufficient to overcome the clear directive

of the Sixth Circuit that a civil RICO plaintiff must plead with particularity that it detrimentally relied on misrepresentations and omissions of the RICO defendant.[3]

Here, the Plaintiffs' complaint fails to allege any fraudulent acts by Joni Mack on which they detrimentally relied. Even assuming that Joni Mack was involved in the fraudulent scheme outlined in the Complaint, the Plaintiffs' allegations as they relate to Joni Mack are deficient for failure to demonstrate reliance by the Plaintiffs *on Joni Mack's actions*. Specifically, the allegations lack an explanation as to whether and how the Plaintiffs relied on misrepresentations or omissions committed by Joni Mack and fail to demonstrate that their injuries resulted from reliance on *her* actions. To survive a motion to dismiss pursuant to Rule 9(b), the Plaintiffs must plead with particularity, that they relied on the acts of mail and wire fraud (*i.e.*, a scheme to defraud furthered by use of the mails or wires) by Joni Mack, and, as a result of that reliance,

---

[3] There is ample authority for the proposition that a plaintiff who knows a representation to be untrue cannot sustain a civil RICO action predicated on fraud on the basis of the representation. The Third Circuit has framed this proposition as the definition of a misrepresentation itself: there can be no misrepresentation if the plaintiff knows the representation to be false. *See Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 747 (3d Cir. 1996) (holding that there could be no mail fraud predicate based on the defendant's "scheme" to charge the plaintiff more than the contract price because the plaintiff admitted that it knew that the defendant was not complying with the contract).

The Fifth and Seventh Circuits frame the proposition as one of causation: if the plaintiff knows the representation to be false, the representation cannot be the cause of the plaintiff's injury. *See Sandwich Chef of Texas, Inc. v. Reliance Nat'l Indemn. Ins. Co.*, 319 F.3d 205, 218-19 (5th Cir. 2003) ("For a misrepresentation to cause an injury, there must be reliance. Knowledge of the truth defeats a claim of fraud because it eliminates the deceit as the 'but for' cause of the damages."); *Reynolds v. East Dyer Dev. Co.*, 882 F.2d 1249, 1253 (7th Cir. 1989) (affirming summary judgment for the defendants in a RICO case predicated on mail and wire fraud because of a lack of causation; "a person who discovers the truth may not claim that a defendant's misrepresentation or omission of information harmed him").

Reliance is a necessary component of proximate causation for a civil RICO action predicated on fraud. The Plaintiffs here have not alleged – nor could they allege, based on the facts contained in their Complaint – that they relied on the Defendant's misrepresentations. Therefore, without a showing of proximate causation, the Plaintiffs cannot satisfy the RICO standing requirement.

suffered injury.[4] *See In re Reciprocal of America (ROA) Sales Practices Litigation*, 2006 WL 284657 (W.D. Tenn. September 29, 2006) (citing *Blount*, 819 F.2d at 152).

In paragraphs 26, 30 and 42 of the Complaint, the Plaintiffs allege that they reasonably relied upon the certain representations contained on the HCFA-1500 forms and that, as a result of that reliance, they lost "substantial sums of money." [Record No. 1, Complaint, ¶¶ 26, 30] However, these allegations relate solely to Greg Mack and other unnamed RICO conspirators and to activities that occurred prior to Joni Mack's joinder in the conspiracy. The Complaint fails to contain any allegations demonstrating that the Plaintiffs relied on any misrepresentations or omissions made *after* Joni Mack joined the conspiracy. Because the Complaint fails to plead facts demonstrating that the Plaintiffs' injuries were suffered in reliance on the fraudulent conduct of Joni Mack or any conspiratorial acts after her joinder in the conspiracy, the Court cannot conclude that the Joni Mack's conduct was the proximate cause of the Plaintiffs' injuries. Therefore, the Court finds that the Plaintiffs lack standing under § 1964(c) to assert RICO claims against Joni Mack under 18 U.S.C. §§ 1962(c) or (d). Accordingly, the §§ 1962(c) and 1962(d) claims will be dismissed.[5]

---

[4] Because they have conceded that they did not rely on any of Joni Mack's fraudulent conduct, the Plaintiffs' request that the Court deny the motion to dismiss, without prejudice and allow them time to file an amended complaint would not be appropriate in this instance. [Record No. 10, p. 12]

[5] Because the Court finds that the Plaintiffs lack standing to bring a civil RICO against Joni Mack, the Court need not consider whether the Plaintiffs' RICO cause of action is barred by the statute of limitations. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 152 (1987) (holding that civil RICO actions are subject to a four-year statute of limitations). "[A] civil RICO cause of action begins to accrue as soon as the plaintiff discovers, or reasonably should have discovered, both the existence and source of his injury and that the injury is part of a pattern." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 241 (6th Cir.1992).

### B. Common Law Fraud[6]

The Plaintiffs have also attempted to assert a claim for common law fraud against Defendant Joni Mack. Under Kentucky law, in order to sustain an action for fraud, a plaintiff must allege: (a) a material representation; (b) which is false; (c) known to be false or made recklessly; (d) made with inducement to be acted upon; (e) acted in reliance thereon; and (f) causing injury. *In re Wright Enterprises*, 76 F. App'x. 717 (6th Cir. 2003) (citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). Because the Plaintiffs have conceded that they did not rely on any misrepresentations or omissions made by Joni Mack, the Court will dismiss the Plaintiffs' common law fraud claim for failure to plead the element of reliance. *See In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993) (noting that a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery and if it fails to do so, the claim may be dismissed pursuant to Rule 12(b)(6)).

### C. Civil Conspiracy

In Kentucky, a civil conspiracy is defined as "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *See Bassett v. National Collegiate Athletic Ass'n*, 2005 WL 3767016, at *5 (E.D. Ky. May 3, 2005) (citing *James v. Wilson*, 95 S.W.3d 875, 897 (Ky. Ct. App. 2002)). Before a conspiracy can be found, a "necessary allegation is that the damage or death resulted from some overt act done pursuant to or in furtherance of the conspiracy." *Hogan*

---

[6] In Count IV of the Complaint, the Plaintiffs have also attempted to allege a claim for "Fraudulent Insurance Acts." Because this claim is grounded in alleged fraud, the Court will dismiss it for the same reasons as set forth in the section dismissing the common law fraud claim.

*v. Goodrich Corp.*, 2006 WL 149011 (W.D. Ky. January 17, 2006) (citing *Davenport's Adm'x v. Crummies Creek Coal Co.*, 184 S.W.2d 887, 888 (Ky. 1945)). The "gist of the civil action for conspiracy is the act or acts committed in pursuance of the conspiracy, not the actual conspiracy." *Id.* (citing *James*, 95 S.W.3d at 897). Therefore, to state a valid claim for civil conspiracy, the plaintiff must sufficiently allege that an underlying wrong existed.

Here, the Plaintiffs allege that the underlying wrong for the civil conspiracy claim was fraud. In particular, the Plaintiffs' Complaint accuses Joni Mack of fraud not as a primary actor, but primarily as a co-conspirator. Because the conspiracy claim is based on fraud, the Court will dismiss it because, as stated above, the substantive claim for common law fraud must be dismissed for failure of the Plaintiffs to plead reliance on any action by Joni Mack. *See e.g, Hogan*, 2006 WL 149011, at *5.

### D. Theft by Deception

Under Kentucky law, a person is guilty of theft by deception "when he obtains property or services of another by deception with intent to deprive him thereof." K.R.S. § 514.040. Although the theft statute is silent regarding whether reliance upon the deceptive behavior of the perpetrator is an element of this offense, the Kentucky Supreme Court has held that it is. *See Brown v. Commonwealth of Kentucky*, 656 S.W.2d 727, 728 (Ky. 1983). Thus, to show that a theft occurred under Kentucky law, the Plaintiffs must demonstrate that they relied upon Joni Mack's representations or omissions and that such reliance caused their injuries. Because Joni Mack did not join the allege conspiracy until 2003 and because the Plaintiffs have conceded that they did not rely on the actions of Joni Mack or her alleged co-conspirators after 2003, the Court

will dismiss the Plaintiffs' state law theft by deception claim. In short, the Plaintiffs have failed to plead reliance. *See Commonwealth v. Burnette*, 875 S.W.2d 865, 868 (Ky. 1994) ("[R]eliance is a necessary element under K.R.S. § 514.040.").

### IV.    CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The Defendant's motion to dismiss the Plaintiffs' Complaint [Record No. 7] is **GRANTED**.

2. This action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

This 14th day of August, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge